2006 OK CIV APP 16

STATE of Oklahoma, ex rel., DEPARTMENT OF HUMAN SERVICES CHILD SUPPORT ENFORCEMENT, Plaintiff/Appellee,

v.

Dustin Loyal BLESSUM, Defendant/Appellant.

No. 99,958.

Court of Civil Appeals of Oklahoma, Division No. 4.

Jan. 31, 2006.

As Corrected May 17, 2006.

Janice Howard-Croft, Cleveland County District Attorney, Child Support Enforcement Division, Norman, OK, for Plaintiff/Appellee.

Jack I. Pryor, Jack Pryor Law Office, Norman, OK, for Defendant/Appellant.

Opinion by KEITH RAPP, Vice Chief Judge.

¶ 1 The defendant, Dustin Loyal Blessum (Blessum), appeals the trial court's order denying him attorney fees and costs against the plaintiff, State of Oklahoma ex rel., Department of Human Services Child Support Enforcement (DHS) in his appeal to the District Court from an administrative child support action brought by the plaintiff.

## BACKGROUND

¶2 Blessum fathered a child with Devon Mannis (Mother). They were not married, but lived together for a period of time before and after the birth of their child. After the separation, Mother, who was then the custodial parent, began receiving financial aid from DHS under a program styled Temporary Aid to Needy Families (TANF).

¶3 Because Mother was receiving assistance, DHS initiated an administrative child support action. At the administrative hearing, the parties stipulated that Blessum's child support should be fixed at $165.00 per month, with $1,320.00 accrued as back child support. In addition, DHS asked for a judgment of $929.00 against Blessum to recover money expended for assistance under TANF for the period of time that he had not paid child support pursuant to a support order.[1]

¶4 Blessum maintained that he was entitled to credits for money paid to Mother or for the benefit of the child. He requested a credit of $845.97, as the amount he expended. DHS did not dispute either the amount or the nature of the expenditure. The administrative hearing officer allowed only $391.00 and Blessum appealed to District Court.

¶5 The District Court modified the administrative order by giving Blessum credit for $625.00 for cash payments directly to Mother and for additional payments totaling $220.97 for the child's necessities. The back child support judgment of $1,320.00 was thus reduced to $584.51. This judgment is final.

¶6 Blessum requested attorney fees and costs alleging that DHS's action against him to collect the statutory debt was frivolous.[2] His premise is that DHS, by its administrative action, sought to make him pay a debt in excess of his child support obligation. His contention is that DHS sought from him the entire TANF benefit of $929.00, *plus* the money, $625.00, he had paid to Mother and the money for necessities.[3] Thus, Blessum contends that the debt, to the extent of his payments to Mother, was not his debt but rather was Mother's debt. He concluded that DHS's attempt to collect the entire TANF from him was frivolous, so he is entitled to attorney fees. The trial court disagreed, finding that DHS's action was not frivolous. Blessum appeals.

## STANDARD OF REVIEW

■ ¶7 This appeal presents a question of law. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100 n. 1.

## ANALYSIS AND REVIEW

■ ¶8 DHS had a statutory obligation to recover the TANF assistance and the statute made Blessum a debtor for that sum. In addition, an order for child support was appropriate, and the child support amount places a ceiling on the TANF debt recovery.

¶9 Blessum mistakenly assumes that he was being required to pay more than the $1,320.00 in back child support. The record discloses that this $1,320.00 was the "ceiling" and that included, or incorporated, in this sum was the $929.00 due from the TANF debt. Apparently, Mother was willing to forgive the arrearage, but clearly she could not forgive the debt to the State.

¶10 The administrative judge credited Blessum with only $391.00. The difference between the amount of child support due,

---

1. Payment of assistance creates a debt due from both parents. 56 O.S.2001, § 238. However, because Mother was still receiving assistance, the debt did not accrue as to her. *Id.* The amount that would be due does not exceed the ordered child support, here a total of $1,320.00. *Id.*

2. Blessum cited 12 O.S.2001, § 978, but concedes here DHS's position that the correct statute is 75 O.S.2001, § 318(D)(2), which provides:
   In any proceedings for review brought by a party aggrieved by a final agency order:

. . . .
2. The party aggrieved by the final agency order may be entitled to recover against such agency any court costs, witness fees, and reasonable attorney fees if the court determines that the proceeding brought by the agency is frivolous.

3. Mother appears to have collected TANF without reporting or turning over to DHS the money paid by Blessum, as she was supposed to do.

$1,320.00, and the amount credited by the administrative judge, $391.00, yielded the amount of the administrative court judgment $929.00. The District Court recalculated and credited Blessum with the bulk of the money he paid to Mother or for the benefit of the child as set out above, thereby reducing his obligation to $584.51.

¶ 11 DHS' pursuit of the TANF debt was not frivolous, but was required by law. Blessum mistakenly assumes that the dispute over credits equates to a DHS action to recover more than the child support order permits. The judgment of the trial court is affirmed.

¶ 12 AFFIRMED.

GABBARD, P.J., and REIF, J., concur.